UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHARON Y. ROSSKAMM, et al., | CASE NO. C22-1553JLR |
| Plaintiffs, | ORDER |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

Before the court is the parties' stipulated motion for a protective order.  (Mot. (Dkt. # 26); *see also* Redline (Dkt. # 26-1).)  Specifically, the parties seek a protective order "to govern and restrict the disclosure of confidential information and documents exchanged in the course of this proceeding."  (Mot. at 1.)  The court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised,[1] the court DENIES the parties' stipulated motion.

---

[1] The court concludes oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

1     Local Civil Rule ("LCR") 26 provides that stipulated protective orders must be "consistent with court rules" and cannot "presumptively entitle the parties to file confidential information under seal." Local Rules W.D. Wash. LCR 26(c)(2). LCR 26 further provides that "[p]arties are encouraged to use this district's model protective order, available on the court's website," and "[p]arties that wish to depart from the model order must provide the court with a redlined version identifying departures from the model." *Id.* LCR 26(c)(2).

    The parties provided a proposed stipulated protective order with redlines indicating departures from the model protective order, pursuant to LCR 26(c)(2). The parties' proposed order deletes Section 4.3 of the model protective order, which provides that a party filing confidential material must first "confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted." (Redline at 4-5.) The parties' proposed order also deletes Section 5.1 of the model protective order, which prohibits "[m]ass, indiscriminate, or routinized designations" and requires any party "that designates information or items for protection" to "take care to limit any such designation to specific material that qualifies under the appropriate standards." (*Id.* at 5.) Section 6.2 of the parties' order further removes the model protective order's requirement that "[a]ny motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has

//

engaged in a good faith meet and confer conference with the other affected parties in an effort to resolve the dispute without court action." (*Id.* at 7.)

These alterations to the model protective order are unacceptable because they delete important provisions concerning the parties' meet and confer, designation, and certification obligations. The "[p]arties are encouraged to use this district's model protective order" for a reason, and the court will not risk diminishing the "strong presumption of public access to the court's files" to convenience counsel in this case. *See* Local Rules W.D. Wash. LCR 5(g), 26(c)(2).

The parties' stipulated motion for a protective order (Dkt. # 26) is DENIED. The court ORDERS the parties to file a renewed stipulated motion for a protective order, if any, by **November 10, 2023**.

Dated this 1st day of November, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 3