The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AHARON Y. ROSSKAMM, et al.,

Plaintiffs,

v.

AMAZON.COM, INC.,

Defendant.

Case No. 2:22-cv-01553-JLR

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order is entered into by and between Aharon Y. Rosskamm and Shirah L. Rosskamm ("Claimants"), acting pro se, and Amazon.com Inc. ("Amazon") by and through its counsel of record in this proceeding. This stipulation constitutes a binding agreement between Claimants and Amazon, to govern and restrict the disclosure of confidential information and documents exchanged in the course of this proceeding.

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the presiding Judge to enter the following Stipulated Protective Order.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include information contained or disclosed in any materials, including documents or portions thereof; requests for production of documents, and answers and

STIPULATED PROTECTIVE ORDER – 1
Case No. 2:22-cv-01553-JLR

Davis Wright Tremaine LLP
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4890-7831-4109v.10 0051461-004849

responses thereto; deposition transcripts, tax returns and all financial documents reflecting costs and profit margins; and any tangible things, that a party believes is confidential and should be protected from dissemination or disclosure.

3.  SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or, without contravening any portion of this Stipulated Protective Order, becomes part of the public domain.

4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1  Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this matter.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any material designated as "CONFIDENTIAL" only to:

(a)  the party, the receiving party's counsel of record in this action (if any), any in-house counsel directly involved in overseeing and/or participating in this action, and any employees of counsel to whom it is reasonably necessary to disclose the information for this matter;

(b)  the officers, directors, and employees of the receiving party to whom disclosure is directly necessary for this matter;

STIPULATED PROTECTIVE ORDER – 2
Case No. 2:22-cv-01553-JLR

DAVIS WRIGHT TREMAINE LLP
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4890-7831-4109v.10 0051461-004849

(c) experts, interpreters, and consultants to whom disclosure is reasonably necessary for either Party to evaluate and litigate this matter and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, Court personnel, and any court reporter retained by either of the parties to administer and record any deposition or hearing held in connection with this proceeding;

(e) copy or imaging services retained by any party to assist in the duplication of "CONFIDENTIAL" material, provided that the party retaining the copy or imaging service instructs the service not to disclose any "CONFIDENTIAL" material to third parties and to immediately return all originals and copies of any "CONFIDENTIAL" material;

(f) if depositions are allowed in this matter, court reporters, recorders, and deponents in the action to whom disclosure is reasonably necessary and who have signed Exhibit A, unless otherwise agreed by the designating party or ordered by the Judge. Pages of transcribed deposition testimony or exhibits to depositions that refer to, describe, or otherwise disclose "CONFIDENTIAL" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) other persons only by written consent of both parties or upon order of the Judge and on such conditions as may be agreed or ordered. All such persons shall execute Exhibit A.

4.3  <u>Filing Confidential Material.</u> Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing

STIPULATED PROTECTIVE ORDER – 3
Case No. 2:22-cv-01553-JLR

DAVIS WRIGHT TREMAINE LLP
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4890-7831-4109v.10 0051461-004849

the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other prehearing or hearing

STIPULATED PROTECTIVE ORDER – 4
Case No. 2:22-cv-01553-JLR

DAVIS WRIGHT TREMAINE LLP
Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4890-7831-4109v.10 0051461-004849

proceedings). The designating party must affix the term "CONFIDENTIAL" to each page that contains confidential material.

(b) <u>Testimony given in deposition or in other prehearing or hearing proceedings</u>: The parties and any participating non-parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition or other hearing transcript, designate the transcript, or portions of or exhibits thereto, as "CONFIDENTIAL."

(c) <u>Other tangible items</u>: The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the term "CONFIDENTIAL."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality, at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the proceeding, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge within a reasonable time after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without the Judge's involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference

STIPULATED PROTECTIVE ORDER – 5
Case No. 2:22-cv-01553-JLR

DAVIS WRIGHT TREMAINE LLP
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4890-7831-4109v.10 0051461-004849

with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that party must:

(a)     within a reasonable time notify the designating party in writing and include a copy of the subpoena or court order;

(b)     within a reasonable time notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, within one (1) days, the receiving party must (a) notify in writing the designating party of the unauthorized

STIPULATED PROTECTIVE ORDER – 6
Case No. 2:22-cv-01553-JLR

DAVIS WRIGHT TREMAINE LLP
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4890-7831-4109v.10 0051461-004849

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. **NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must offer to return all Confidential Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding the requirements of this provision, however, a party's outside counsel of record is not required to delete copies of "CONFIDENTIAL" materials that may reside on their respective firm's email archive or electronic back-up systems, provided reasonable measures are taken to ensure the continued confidentiality of such materials. In addition, counsel of record or any party is entitled to retain one archival copy of all documents filed with the Court, hearing, deposition, and hearing transcripts, correspondence, deposition and hearing exhibits, expert reports, attorney work product, and consultant and expert work product, even if such material contains Confidential Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or the presiding Judge orders otherwise.

STIPULATED PROTECTIVE ORDER – 7
Case No. 2:22-cv-01553-JLR

DAVIS WRIGHT TREMAINE LLP
Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4890-7831-4109v.10 0051461-004849

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 6th day of November, 2023.

<div style="margin-left:40%">

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Amazon.com Inc.*

By: /s/ *Zana Bugaighis*
Zana Z. Bugaighis, WSBA #43614
John A. Goldmark, WSBA #40980
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
Email: zanabugaighis@dwt.com
Email: johngoldmark@dwt.com

Chris Swift, *pro hac vice*
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201
Tel: (503) 276-5505
Fax: (503) 778-5299
Email: chrisswift@dwt.com

*Pro Se* Plaintiff

By: /s/ *Aharon Y. Rosskamm*
Aharon Y. Rosskamm
2419 Bromley Rd.
University Heights, OH 44118
Telephone: (303) 956-7457
Email: ayrosskamm@gmail.com

*Pro Se* Plaintiff

By: /s/ *Shirah L. Rosskamm*
Shirah L. Rosskamm
2419 Bromley Rd.
University Heights, OH 44118
Telephone: (303) 956-7457
Email: shirahlena@gmail.com

</div>

STIPULATED PROTECTIVE ORDER – 8
Case No. 2:22-cv-01553-JLR

DAVIS WRIGHT TREMAINE LLP
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4890-7831-4109v.10 0051461-004849

**ORDER**

Pursuant to the Parties' stipulation, it is so ordered and agreed to by the Honorable James L. Robart, United States District Court Judge, for the Western District of Washington.

Dated  November 7 , 2023

_____
The Honorable James L. Robart
United States District Court Judge

STIPULATED PROTECTIVE ORDER – 9
Case No. 2:22-cv-01553-JLR

DAVIS WRIGHT TREMAINE LLP
Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4890-7831-4109v.10 0051461-004849

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Honorable James L. Robart on _____ [date] in the proceeding entitled *Aharon Y. Rosskamm, et al. v. Amazon.com Inc.*, Case No. 2:22-cv-01553-JLR.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to considerable penalties and sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER – 10
Case No. 2:22-cv-01553-JLR

DAVIS WRIGHT TREMAINE LLP
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4890-7831-4109v.10 0051461-004849

CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  I further certify that the foregoing was sent to *Pro Se* Plaintiffs by electronic mail and by U.S. mail addressed as follows:

> Aharon Y. Rosskamm
> 2419 Bromley Rd
> University Heights, OH 44118
> Email: ayrosskamm@gmail.com
>
> Shirah L. Rosskamm
> 2419 Bromley Rd
> University Heights, OH 44118
> Email: shirahlena@gmail.com

DATED this 6th day of November, 2023.

*/s/ Zana Bugaighis*
Zana Z. Bugaighis, WSBA #43614

STIPULATED PROTECTIVE ORDER – 11
Case No. 2:22-cv-01553-JLR

DAVIS WRIGHT TREMAINE LLP
Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4890-7831-4109v.10 0051461-004849