UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHARON Y. ROSSKAMM, et al.,<br><br>　　　　　　Plaintiffs,<br>　v.<br>AMAZON.COM, INC.,<br><br>　　　　　　Defendant. | CASE NO. C22-1553JLR<br><br>ORDER |

Before the court is *pro se* Plaintiffs Aharon Y. Rosskamm and Shirah L. Rosskamm's (together, "Plaintiffs") motion to compel discovery. (Mot. (Dkt. # 31).) Defendant Amazon.com, Inc. ("Amazon") opposes the motion. (Resp. (Dkt. # 33).) The court set an expedited briefing schedule for the motion. (*See* 12/5/23 Order (Dkt. # 32) at 2.) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Plaintiffs' motion.

Pursuant to the court's scheduling orders, the deadline to file discovery-related motions was October 13, 2023, and discovery closed on November 13, 2023. (12/22/22

ORDER - 1

Sched. Order (Dkt. # 20) at 1; 10/31/23 Sched. Order (Dkt. # 25) at 1 (changing only the trial date by one week).)  Plaintiffs filed their motion to compel on December 4, 2023 (*see generally* Mot.), well beyond the deadline for discovery-related motions and approximately one week before the December 12, 2023 deadline for summary judgment and *Daubert* motions (10/31/23 Sched. Order at 1).

Federal Rule of Civil Procedure 16 requires a showing of "good cause" to file motions beyond the deadline imposed by the court's scheduling order.  Fed. R. Civ. P. 16(b)(4); *see Fetchero v. Amica Mut. Ins. Co.*, No. C22-0400JNW, 2023 U.S. Dist. LEXIS 180968, at *7 (W.D. Wash. Oct. 6, 2023) (requiring "good cause" before granting a party's "late-filed discovery motion").  The "'good cause' standard primarily considers the diligence of the [moving] party." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Teras Chartering, LLC v. Hyupjin Shipping Co.*, No. C16-0188RSM, 2017 WL 2363632, at *9 (W.D. Wash. May 31, 2017) (finding no good cause after a party asked "not only for the opportunity to make a discovery motion after the deadline, but also after discovery itself closed").

Plaintiffs have failed to show good cause in support of their untimely motion, which comes more than seven weeks after the deadline for discovery-related motions and three weeks after discovery closed.  Plaintiffs' timeline suggests Amazon refused to provide documents for nearly eight months, but Plaintiffs never moved to compel discovery during that period.  (*See* Mot. at 1-3.)  Plaintiffs did not even ask for a meet and confer until the day before discovery-related motions were due.  (*See id.* at 2.)  The court appreciates that Plaintiffs initially attempted to resolve this dispute without court

intervention, but it appears Plaintiffs failed to follow up with Amazon at all for nearly five months after sending requests for document production and then rushed to obtain additional documents in the twilight of discovery.  (*See id.* at 1-2, 4.)  The court will not permit additional discovery at this time.  Plaintiffs will need to rely on documents from Amazon's two document productions to prove their case.  (*See id.* at 2-3; *see also* Resp. at 1 (noting that Amazon "has already produced hundreds of documents").) The court is sympathetic to Plaintiffs' *pro se* status, but *pro se* litigants must still "comply with scheduling order deadlines and court rules." *Nelson v. Cap. One Fin. Corp.*, No. CV-17-02636-PHX-JJT, 2019 WL 13251987, at *2 (D. Ariz. May 1, 2019) (capitalization altered); *see also Harris v. Bank of Am., NA*, 596 F. App'x 581, 583 (9th Cir. 2015) (instructing a *pro se* plaintiff that he must "follow the same rules of procedure that govern other litigants" (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997))).

  Accordingly, the court DENIES Plaintiffs' motion to compel discovery (Dkt. # 31.)

  Dated this 11th day of December, 2023.

_____
JAMES L. ROBART
United States District Judge