UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AHARON Y. ROSSKAMM, et al.,

                Plaintiffs,

    v.

AMAZON.COM, INC.,

                Defendant.

CASE NO. C22-1553JLR

ORDER

## I.  INTRODUCTION

Before the court are Defendant Amazon.com, Inc.'s ("Amazon") motion for summary judgment (MSJ (Dkt. # 39); Reply (Dkt. # 44)); motion to seal (MTS (Dkt. # 37)); and motion for an extension of time to file motions *in limine* (MET (Dkt. # 45)). *Pro se* Plaintiffs Aharon Y. Rosskamm and Shirah L. Rosskamm (together, "Plaintiffs") oppose Amazon's motion for summary judgment (Resp. (Dkt. # 43)), but they do not oppose Amazon's motion to seal (MTS at 1).  The court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully

1  advised,[1] the court GRANTS Amazon's motion for summary judgment and GRANTS in

2  part Amazon's motion to seal.[2]

3  ## II.  BACKGROUND

4        Plaintiffs took advantage of an arbitrage opportunity by purchasing items on

5  Amazon.com using a credit card that gave five percent back on Amazon purchases and

6  then reselling those items at cost, netting a small profit from the cashback.  (*See* Compl.

7  (Dkt. # 1-1) at 3.)  Plaintiffs assert that they made a "business" out of this practice that

8  only worked if they paid for the items with that particular credit card.  (*Id.* at 3, 5.)  As a

9  result, when Amazon charged Plaintiffs' other credit cards on file twelve times for a total

10  of $8,250.50, Plaintiffs were naturally upset.  (*See id.* at 1, 3-4.)  After they complained,

11  Amazon closed their account.[3]  (*Id.* at 3, 5.)  Plaintiffs then filed suit in the Cuyahoga

12  County Common Pleas Court; the case was thereafter removed to the Northern District of

13  Ohio before being transferred to this District.  (*See generally* Dkt.  *See* Transf. Order

14  //

15  //

16
17      [1]  Neither party requests oral argument (*see* MSJ at 1; MTS at 1; Resp. at 1), and the court concludes that oral argument would not be helpful to its disposition of Amazon's motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

18
19
20      [2]  Pursuant to Local Civil Rule 7(g), Amazon included a motion to strike in its reply brief because Plaintiffs failed to timely file their opposition brief.  (*See* Reply at 2); *see also* Local Rules W.D. Wash LCR 7(g).  It is within the court's discretion to consider an untimely response. *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 & n.4 (9th Cir. 2005) (reviewing district court's decision to strike untimely material for abuse of discretion).  Given Plaintiffs' *pro se* status and the dispositive nature  of the motion before the court, the court exercises its discretion to DENY Amazon's motion to strike Plaintiffs' untimely response.

21
22      [3]  Plaintiffs have two Amazon accounts but seem to have run their "business" primarily through one.  (*See* Compl. at 4.)  The court refers to Plaintiffs' account (singular) throughout this order.

1    (Dkt. # 12).)  Plaintiffs seek $20,000,000 plus costs and injunctive relief.  (*See* Compl. at

2    5.)

3          Plaintiffs do not identify any causes of action in their complaint (*see generally*

4    *id.*), but it appears that they intend to proceed under theories of unconscionable contract,

5    breach of contract, and fraud (*see* Resp. at 2 ("[W]hat is in dispute is hidden and

6    unconscionable terms."); Swift Decl. (Dkt. ## 41 (redacted), 42 (sealed)[4]) ¶ 3, Ex. 2 ("A.

7    Rosskamm Dep.") at 310:15-18 ("Q. So other than breach of contract and fraud are you

8    able to identify any other claims whatsoever that you are asserting in this case?  A. Not

9    that I am aware of.")).  Plaintiffs allege that their claims relate to the conditions of use

10   ("COUs") that apply to Amazon customer accounts.  (*See* Compl. at 4 ("Amazon tries to

11   hide behind a constantly changing 'Conditions of Use.'  Terms that we never agreed with.

12   Terms that can never last in a court of law.").)

13         The parties agree that the COUs are the governing contract in this case.  (*See*

14   Resp. at 2 ("Plaintiffs fully agree that there are [COUs] that will govern the use of

15   Amazon.com and the transactions between the customer and Amazon."); Reply at 2

16   ("Plaintiffs concede that the [COUs] constitute a valid and enforceable contract between

17   the parties.").)  In relevant part, the COUs provide as follows:  (1) "[i]f there is a problem

18   charging [a customer's] selected payment method, [Amazon] may charge any other valid

19   payment method associated with [the customer's] account"; and (2) the customer's

20   "license" to use Amazon's services is for "personal and non-commercial use," "does not

21

22         [4]  Exhibits 2-3, 5-10, and 14-21 to Mr. Swift's declaration are located at Dkt. # 42.  (*See*
     *generally* Sealed Exs. to Swift Decl. (Dkt. # 42).)

1    include any resale," and may be "terminate[d]" if the customer does not comply.

2    (Cummings Decl. (Dkt. # 40) ¶ 4, Ex. A ("COUs") at 2.)  All Amazon customers agree to

3    the COUs when they create their accounts, and they re-accept them each time they sign in

4    or make a purchase.  (Id. ¶¶ 5-7.)[5]

5        Amazon filed the pending motions on December 12, 2023.  The court first

6    addresses Amazon's motion for summary judgment before turning to its motion to seal.

7                    **III.  MOTION FOR SUMMARY JUDGMENT**

8        Although Plaintiffs do not expressly plead any causes of action, the court

9    construes their complaint as alleging claims for unconscionable contract, breach of

10   contract, and fraud.  (See generally Compl.)  See McGuckin v. Smith, 974 F.2d 1050,

11   1055 (9th Cir. 1992) (instructing district courts to liberally construe pro se pleadings).

12   Washington law governs these claims.  (See COUs at 4 ("By using any Amazon Service,

13   you agree that applicable federal law, and the laws of the state of Washington . . . will

14   govern these [COUs] and any dispute of any sort that might arise between you and

15   Amazon.").)  Below, the court sets forth the summary judgment legal standard before

16   turning to the merits of Amazon's motion for summary judgment.

17   //

18   //

19

20   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [5] Customers need not check a box or visit Amazon's COUs to create an account, log in,
     or place an order. (See Cummings Decl. ¶¶ 5-7.)   Rather, the pages of Amazon's website that
21   allow customers to take these actions include a paragraph near the "Continue" or "Place your
     order" button stating that the customer "agree[s] to Amazon's privacy notice and conditions of
     use." (Id.)  The words "conditions of use" are in blue hyperlink text, and customers must click
22   that text to view the actual conditions of use. (Id.)

## A.  Legal Standard

Summary judgment is appropriate if the evidence viewed in the light most favorable to the non-moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is "material" if it might affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49).

The moving party bears the initial burden of showing there is no genuine dispute of material fact and that it is entitled to prevail as a matter of law.  *Celotex*, 477 U.S. at 323.  If the moving party does not bear the ultimate burden of persuasion at trial, it can show the absence of such a dispute in two ways:  (1) by producing evidence negating an essential element of the nonmoving party's case, or (2) by showing that the nonmoving party lacks evidence of an essential element of its claim or defense.  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000).  If the moving party meets its burden of production, the burden then shifts to the nonmoving party to identify specific facts from which a factfinder could reasonably find in the nonmoving party's favor.  *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250.

## B.  Amazon's Motion for Summary Judgment

Amazon argues that Plaintiffs failed to "submit any declarations, exhibits, or any other form of admissible evidence" in support of their claims or "cite any cases or other

1    authorities supporting their position." (Reply at 5.)  Plaintiffs argue that there are

2    "disputed facts" as to each of their claims.  (Resp. at 13.)  The court considers each claim

3    separately.

4         1.     Unconscionable Contract

5         Plaintiffs allege that the term in the COUs that allows Amazon to charge saved

6    credit cards as backup payment methods "is absolutely unconscionable." (Compl. at 2.)

7    Plaintiffs cite no case law in support of their argument but assert that they have "done an

8    informal poll on this" and plan to submit additional materials when they "go to court."

9    (Resp. at 8.)  That is not enough to survive summary judgment.

10        Under Washington law, whether a contract is unconscionable is a question of law,

11   and the burden of proving unconscionability "lies upon the party attacking it." *Tjart v.*

12   *Smith Barney, Inc.*, 28 P.3d 823, 830 (Wash. Ct. App. 2001).  The law recognizes two

13   types of unconscionability:  substantive and procedural.  *Id.*  Either type may be

14   "sufficient to void a contract." *Gandee v. LDL Freedom Enters., Inc.*, 293 P.3d 1197,

15   1199 (Wash. 2013).  Substantive unconscionability means "an 'unfairness of the terms or

16   results.'" *Tadych v. Noble Ridge Constr., Inc.*, 519 P.3d 199, 202 (Wash. 2022) (quoting

17   *Torgerson v. One Lincoln Tower, LLC*, 210 P.3d 318, 322 (2009)).  Such unfairness

18   arises when contract terms are "one-sided or overly harsh," "[s]hocking to the

19   conscience," "monstrously harsh," or "exceedingly calloused," and interfere with

20   "existing statutorily established rights and the policies underlying those statutory rights."

21   *Id.* (quoting *Gandee*, 293 P.3d at 1199).  Procedural unconscionability is "the lack of

22   meaningful choice, considering all the circumstances surrounding the transaction

ORDER - 6

1   including the manner in which the contract was entered, whether each party had a

2   reasonable opportunity to understand the terms of the contract, and whether the important

3   terms were hidden in a maze of fine print." *Satomi Owners Ass'n v. Satomi, LLC*, 225

4   P.3d 213, 231 (Wash. 2009) (internal brackets and quotation marks omitted) (quoting

5   *Zuver v. Airtouch Commc'ns, Inc.*, 103 P.3d 753, 759 (Wash. 2004)).

6          Plaintiffs have not sustained their burden.  In particular, Plaintiffs fail to

7   adequately articulate why any terms in the COUs are unconscionable or cite any case law

8   in support of their argument.  (*See generally* Resp.)  Plaintiffs' only argument possibly

9   touching on substantive unconscionability concerns the "informal poll" they conducted,

10  in which they purportedly discovered that "[p]eople who have heard about" Amazon's

11  practice of charging backup credit cards "are shocked."  (*Id.* at 8-9.)  But Plaintiffs

12  neither argue how this practice shocks the conscience within the meaning of Washington

13  law nor explain what existing rights Amazon is interfering with.  (*See generally id.*)

14  Amazon is correct that Plaintiffs "have no statutory right to demand an 'opt-in' policy"

15  with respect to specific terms in the COUs that they do not like.  (MSJ at 16.)

16         Plaintiffs' only argument related to procedural unconscionability concerns the fact

17  that Amazon allegedly "hides these terms" (Resp. at 2), but the Northern District of Ohio

18  already rejected this argument, concluding that "the COUs . . . are sufficiently

19  conspicuous and accessible" to be "deemed enforceable" (Transf. Order at 13; *see also*

20  *id.* at 14 (collecting cases holding "that Defendant's specific website reasonably

21  communicates the existence of the COUs to its users")).  The COUs are plainly

22  accessible via blue hyperlink (*see* Cummings Decl. ¶¶ 5-7), are a modest five pages in

1   length with reasonable text size, and use large, bold headings to distinguish each section

2   (*see generally* COUs).  The court sees no reason to depart from the Northern District of

3   Ohio's reasoning on this point.  (*See* Transf. Order at 13-14).

4        In sum, Plaintiffs have failed to demonstrate either substantive or procedural

5   unconscionability, and Amazon is therefore entitled to summary judgment on Plaintiffs'

6   unconscionable contract claim.

7        2.    Breach of Contract

8        Because Plaintiffs failed to meet their burden with respect to unconscionability,

9   the court proceeds to determine whether Amazon breached its agreement with Plaintiffs.

10  As best the court can discern, Plaintiffs believe Amazon breached the COUs by

11  (1) charging an American Express credit card that was "never saved . . . to the account"

12  (Resp. at 16), (2) charging a reissued Chase credit card after Plaintiffs cancelled the old

13  version of that card due to "unrelated fraud" (*id.* at 17), and (3) "clos[ing] down [their]

14  account" (Compl. at 5).  Plaintiffs fail, however, to raise a genuine issue of material fact

15  regarding their breach of contract claim.

16       To establish a *prima facie* case for breach of contract, the plaintiff must show that

17  a contract exists, that the contract imposes a duty, that the defendant breached that duty,

18  and that the breach proximately caused damage to the plaintiff.  *Nw. Indep. Forest Mfrs.*

19  *v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995).

20       Here, the uncontroverted evidence establishes that Amazon did not breach any of

21  its duties under the COUs.  To begin, Amazon did not breach the contract by charging a

22  card that was "never saved" to Plaintiffs' account because the evidence shows that

1    Plaintiffs did in fact register the American Express credit card on November 23, 2021,

2    when Ms. Rosskamm signed up for an Amazon Prime membership.  (*See* Swift Decl.

3    ¶ 17, Ex. 16 (showing the credit card was registered on November 23, 2021); *id.* ¶ 15, Ex.

4    14 at 3 (showing a transaction on November 23, 2021 for "1 Prime Membership Fee"

5    charged to Ms. Rosskamm's American Express credit card).)  Because Ms. Rosskamm

6    registered this card on Plaintiffs' account, Amazon did not breach the contract by

7    charging it after the original card she selected was declined.  (*See id.* ¶ 16, Ex. 15

8    (showing a declined charge for $449.00 that was subsequently charged to Ms.

9    Rosskamm's American Express card); *see also* COUs at 2 (allowing Amazon to charge

10   other cards associated with an account as backup payment methods).)

11          Next, Amazon could not have breached the COUs by charging the reissued Chase

12   credit card because nothing in the contract prevents them from doing so.  (*See generally*

13   COUs.)  Plaintiffs identify no terms in Amazon's COUs that the company allegedly

14   violated by charging their reissued credit card (*see generally* Compl.; Resp.), and, as

15   Amazon argues in its motion, the "Manage Payments Method" page informs customers

16   that "card issuers may provide Amazon with updated payment card details when

17   re-issuing cards" (MSJ at 9 n.3 (quoting Cummings Decl. ¶ 15)).  If Plaintiffs did not

18   want Amazon to charge that particular Chase credit card account as a backup payment

19   method, all they had to do was delete it from their account.  (*See* Cummings Decl. ¶ 13.)

20          Finally, Amazon did not breach the COUs by terminating Plaintiffs' account

21   because Plaintiffs misused the service by engaging in the commercial resale of goods

22   purchased on Amazon.  (*See* Compl. at 5 ("Amazon has closed down my account, and

1   [e]ffectively disabled my business.").)  The contract is clear:  Plaintiffs' use of Amazon's

2   services was limited to "personal and non-commercial use," and they were not permitted

3   to engage in "any resale or commercial use of any Amazon Service."  (COUs at 2.)

4   Amazon had the right to "terminate" Plaintiffs' use of its services for failure to comply

5   with the COUs (*see id.*), and that is exactly what it did.

6         In sum, no genuine dispute of material fact exists concerning Plaintiffs' breach of

7   contract claim because the evidence before the court establishes that Amazon did not

8   breach a duty it owed to Plaintiffs under the COUs.  Amazon is therefore entitled to

9   summary judgment on Plaintiffs' breach of contract claim.

10        3.    Fraud

11        Finally, Plaintiffs allege that Amazon's practice of charging backup credit cards

12  "is a fraudulent and deceptive practice if there has ever been any."  (Compl. at 2.)

13  Plaintiffs fail to elaborate on this statement in either their complaint or opposition brief.

14  (*See generally id.*; Resp.)  Plaintiffs' conclusory allegation falls well short of satisfying

15  their *prima facie* burden.

16        A plaintiff must show proof of nine elements to survive summary judgment on a

17  claim of fraud:

18        (1) a representation of existing fact, (2) its materiality, (3) its falsity, (4) the
          speaker's knowledge of its falsity, (5) the speaker's intent that it be acted
19        upon by the person to whom it is made, (6) ignorance of its falsity on the part
          of the person to whom the representation is addressed, (7) the latter's reliance
20        on the truth of the representation, (8) the right to rely upon it, and (9)
          consequent damage.
21
    *Elcon Constr., Inc. v. E. Wash. Univ.*, 273 P.3d 965, 970 (Wash. 2012).
22

ORDER - 10

1    Plaintiffs wholly fail to address these elements in their opposition brief.  (*See*

2    *generally* Resp.  *See* MSJ at 21 (listing the elements of a fraud claim).)  Indeed, the only

3    references to fraud in Plaintiffs' opposition brief concern "unrelated fraud."  (Resp. at

4    17-18.)  Plaintiffs' conclusory allegation concerning fraud is not enough to defeat

5    Amazon's motion.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922

6    (9th Cir. 2001) (holding "conclusory allegations unsupported by factual data are

7    insufficient to defeat . . . summary judgment").  Amazon is therefore entitled to summary

8    judgment on Plaintiffs' fraud claim.

9    Having determined that Amazon is entitled to summary judgment on Plaintiffs'

10   claims, the court turns to Amazon's motion to seal.

11                                **IV.  MOTION TO SEAL**

12   Amazon moves to seal 16 exhibits containing Plaintiffs' "credit card numbers and

13   other sensitive personally identifiable information."  (MTS at 2; *see* Sealed Exs. to Swift

14   Decl.)  Amazon argues that these exhibits "cannot be filed publicly with redactions."

15   (MTS at 2.)  The court does not entirely agree.

16   "There is a strong presumption of public access to the court's files."  Local Rules

17   W.D. Wash. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

18   1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of

19   access to court records.").  The public's "right of access, however, is not absolute and can

20   be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at

21   1135; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right

22   to inspect and copy judicial records is not absolute.").

1          Upon review, the court concludes that there are compelling reasons to maintain

2    Exhibits 3, 5-10, and 14-21 to Mr. Swift's declaration under seal.  These exhibits consist

3    entirely of Plaintiffs' credit card and other personal information that need not be released

4    to the public.  Exhibit 2, however, which contains excerpts of Mr. Rosskamm's

5    deposition, should be made public.  (*See generally* A. Rosskamm Dep.)  This exhibit can

6    be filed on the public docket with few, if any, redactions.  Accordingly, the court

7    ORDERS the parties to meet and confer regarding redactions to Exhibit 2, and file

8    Exhibit 2 on the docket, with any necessary redactions, by no later than **February 2,**

9    **2024**.  Failure to comply with this order will result in the court lifting the seal on Exhibit

10   2.

11                                  **V.  CONCLUSION**

12          For the foregoing reasons, the court GRANTS Amazon's motion for summary

13   judgment (Dkt. # 39) and GRANTS in part Amazon's motion to seal (Dkt. # 37).  The

14   court DENIES Amazon's motion for an extension in time to file motions *in limine* (Dkt.

15   # 45) as moot.

16          Dated this 24th day of January, 2024

17                                            _____

18                                            JAMES L. ROBART
                                             United States District Judge

19

20

21

22

ORDER - 12